UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

SEP 07 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 03-510-GWU

CHARLES ANDERSON,                                    PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                     DEFENDANT.

## INTRODUCTION

This is a essentially a continuation of the benefit denial appeal before the

Court in Anderson v. Barnhart, London Civ. Action No. 01-327 (E.D. Ky.). The

plaintiff appeals the latest negative administrative decision on his applications for

Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The

case is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled. If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)? If yes, proceed to Step 3. If no, the
    claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

1

Anderson

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled. If no, proceed to Step 6.   <u>See</u>  20  C.F.R.  404.1520(d),  404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.   If no, proceed to Step 7.   <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and</u>

2

Anderson

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

Anderson

First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d

6

Anderson

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the
Commissioner's decision may be produced through reliance on this expert testimony
only if the hypothetical question given to the expert accurately portrays the plaintiff's
physical and mental impairments. Varley v. Secretary of Health and Human
Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Court's previous description of the initial administrative proceedings and
evidence as noted at Tr. 306-309 is incorporated by evidence. It suffices to state
that both the agency (Tr. 306) and the Court found the mental restrictions used to
have been inadequate; the Court noted that the hypothetical restrictions were not
consistent with any set of restrictions cited by the experts of record (Tr. 308). The
undersigned found that despite the recorded IQ scores in the 60s, a mental health
examiner's ambiguous language about the validity of the scores precluded an
immediate determination that LOI §12.05C was met. (Tr. 308-309).

Upon remand, the administrative law judge (ALJ) found that Anderson
suffered from a history of medial collateral ligament (knee) sprain, osteoarthritis with
early degenerative changes of the lumbar spine and hands, decreased hearing, a
history of bilateral carpal tunnel release surgeries, an anxiety disorder not otherwise
specified, pneumoconiosis, tobacco abuse, and borderline intellectual functioning
and (in full sustained remission) alcohol abuse. (Tr. 235). The plaintiff was held to

7

be restricted to no more than medium level exertion with physical and mental non-exertional restrictions. (Tr. 240). Based on vocational expert (VE) testimony, a significant number of alternative jobs were available. (Tr. 239, 241). Thus, benefits were again denied. (Tr. 241).

The VE had indicated that the jobs cited would be compatible with the following factors: (1) a fifth or sixth grade education, (2) no more than medium level exertion, (3) an ability to climb, stoop and kneel only occasionally, (4) an inability to crouch, crawl or squat, (5) a need to avoid exposure to loud noises, or hazardous or dangerous machinery that requires acute hearing for safety, (6) "seriously limited but not precluded" abilities to deal with work stress or carry out detailed instructions, (7) no useful abilities to deal with the public or handle complex instructions. (Tr. 279-280). A need to work in no more than a medium stress environment would make no difference. (Tr. 281).

School records do not assist the plaintiff's claim that greater mental restrictions were warranted. Records submitted show relatively good grades in the sixth grade, including an "A-" in spelling and a "B+" in reading (Tr. 77), but also evidence of Anderson's having failed the seventh and eighth grades once each (Tr. 79) for reasons unknown. No IQ testing is apparent. Thus, there is no clear evidence of mental deficiency, or behavioral problems..

Anderson

The mental restrictions considered by the current VE, additionally, were essentially compatible with Robert Fitz' comments (Tr. 112), as with Gary Maryman's less-than-satisfactory factors based on his 1998 evaluation (Tr. 120-121).   A 2003 consultative examination brought IQ scores at the level of 71 or higher (Tr. 327)[1] and below average abilities (Tr. 330-331) fully compatible with the hypothetical factors. Thus, the mental assessment was adequate.

The physical restrictions were also adequate.  The squatting limitation was consistent with Ben Kibler's 1997 statement.  (Tr. 97).  Non-Examiner Kenneth Phillips' assessment was compatible (Tr. 122-131), as was Logan Mahaffey's (Tr. 148-155).  While somewhat abnormal EMG results appear in the record (Tr. 193), no medical source has translated this into activity restrictions.

The decision will be affirmed.

This the ____7____ day of September, 2005.

G. WIX UNTHANK
SENIOR JUDGE

---

[1]For the reasons stated in the undersigned's prior opinion, the Court is not convinced that the 1998 IQ scores were fully considered to be valid, and the new scores were obviously above Listing. Despite the plaintiff's concerns about the additional consultative examination, the defendant raises persuasive arguments in her brief at pp. 10-12 concerning the plaintiff's failure to object to the consultative examiner and the "practice effect" of IQ testing.